# Sibert, *et al. v.* Hughes, *et al.*

### *Bill to Foreclose Mortgage and Declare a Lien.*

(Decided     November 29, 1911.     56 South. 1012.)

1. *Witnesses; Competency; Relation to Deceased.*—Where it did not appear conclusively that the deceased father of the witness was a surety for the debt, although there was some evidence to that effect, but it did appear that if the deceased's estate was responsible for the debt, the testimony of the witness was hostile to the interest of the estate of his deceased father, and hence, the witness was not rendered incompetent by provisions of section 4007, Code 1907.

2. *Husband and Wife; Wife as Surety; Mortgage.*—A mortgage on the wife's land given to secure the husband's debt is rendered invalid by section 4497, Code 1907.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by W. J. Sibert against Charles Hughes and Harriet Hughes to foreclose a mortgage. W. J. Sibert having died pending the suit, it was revived in the name of his executors, W. L. Sibert and others. Decree for respondents, and complainants appeal. Affirmed.

The purpose of the bill was to foreclose a mortgage on the following lands described in the bill: S. ½ of N. E. ¼ of S. E. ¼, section 21, township 11, range 5, given to secure a mortgage for $100. It is further alleged in the bill that at a later date Harriet Hughes and Charles Hughes executed a mortgage to W. C. Bellinger on the N. W. ¼ of the S. E. ¼, same section, township, and range as above set out, to secure a mort-

gage for $275, and that Bellinger is claiming a title superior to orator's title.  The prayer is that the court ascertain the amount due under the mortgage, and foreclose the mortgage by a sale of the land, and also decree that orator's title was a superior title and lien upon the property.  The defense was that the debt was that of Charles Hughes, and that the land was the land of his wife, and that the mortgage was given to secure the husband's debt.

Riley Roberts testified that he knew Maj. Sibert in his lifetime, that he knew Hughes and his wife, that William Roberts was his father, and that he is now dead; that he heard a conversation between Charles Hughes and Maj. Sibert in the fall of 1899 about an indebtedness of Charles Hughes to Sibert, wherein Sibert refused to let Hughes have more goods until he secured him what he already owed; that there was some talk about Hughes having homesteaded some land, and that Sibert said to get his papers and bring them back, and if they were all right they would fix it up; that the same week Hughes and his wife and the witness came back to Sibert's store, accompanied by witness' father, and that Sibert looked at the papers and said that he would go out and see his lawyer; that he came back with his lawyer, and the lawyer went out and fixed up some papers, and when he came back Hughes and his wife signed them; and that, when Mrs. Hughes signed, she said, "This is no debt of mine; I have nothing to do with it;" and Sibert said, "All right; all we want you to do is to sign the papers."  There was some evidence as to 80 acres that belonged to Roberts, and as to the value thereof.

GEORGE D. MOTLEY, for appellant.  The declarations in the mortgage made before the creation of the debt to

Bellinger that the wife was jointly indebted with the husband to Sibert was known to Bellinger at the time he took the mortgage and was admissible to prove the debt to Sibert against all the respondents.—*Moses v. Dunham,* 71 Ala. 173. Riley Roberts was not a competent witness.—*Engelhart v. Richter,* 136 Ala. 562; *Deposit Bank v. Caffey,* 135 Ala. 208;. *McDonald v. Harris,* 131 Ala. 359; *Moore v. Walker,* 124 Ala. 199; *Keel v. Larkin,* 72 Ala. 493. A mortgage given on lands afterwards acquired by the mortgagor inures to the benefit of the mortgagee.—*Howze v. Due,* 90 Ala. 178. The words, "grant, bargain and sell" in a conveyance amount to an express covenant for quiet enjoyment, and that the grantor is seized of an indefeasible estate in fee simple, and this rule applies to a married women who joins with her husband in a mortgage of lands in which she has an equitable separate estate.—Section 2193, Code 1907; *Jones v. Reese,* 65 Ala. 134; *Reeves v. Brooks,* 80 Ala. 26.

DORTCH, MARTIN & ALLEN, for appellee. The record shows that there was evidence before the chancellor which is not set out in the record, and when this is the case, the findings of the chancellor are not subject to review.—*Wood v. Wood,* 119 Ala. 183, and cases there cited; *Clardy v. Walker,* 133 Ala. 264. There is a difference between a general incompetency and a particular incompetency, limited to transactions with or statements by a deceased.—42 Ala. 197; 158 Ala. 248. The objections here filed raise the general question of incompetency, and not any particular incompetency. In any event, Roberts was competent to testify.—*Henderson v. Brunson,* 141 Ala. 674; Section 4007, Code 1907; 38 Ala. 600. A mortgage by the wife to secure the husband's debt is invalid, and confers no rights upon the mortgagee.—Section 4497, Code 1907.

· ANDERSON, J.—The undisputed evidence shows that Mrs. Hughes, the wife, owned the N. W. ¼ of the N. E. ¼ of section 21, and, while her testimony and that of her husband as to transactions with the deceased mortgagee should be excluded, there remains enough competent evidence to show that the mortgage was given to secure the debt of the husband, and to overcome the mere recital in the mortgage of a joint indebtedness.

The testimony of Riley Roberts was not forbidden by section 4007 of the Code of 1907. In the first place, it does not appear with any degree of certainty his father was a surety for the debt in question. Hughes does testify that the elder Roberts was his surety for the debt contracted; but he does not appear as a signer of the note and mortgage involved. · But, if his estate is responsible to Sibert for the debt in question, the testimony of Riley Roberts is more hostile than favorable to the interest of his father's estate, as it tends to increase, rather than lessen, the responsibility of said estate for the payment of the debt. His testimony goes to show that the land of Mrs. Hughes was not liable for said debt, and, if her land is not made answerable for same, the result increases the liability of his father's estate for said Sibert debt.

The mortgage on the wife's land, being given to secure the debt of her husband, was invalid.—Section 4497 of the Code of 1907, and numerous cases there cited.

We cannot put the trial court in error for failure to decree a foreclosure as to the other land, even if the mortgagors were estopped from denying that it belonged to the one, or the other, or both, for the reason that the bill does not attempt to deal with said land. It really charges ownership in only 20 acres (the S. ½ of

the N. E. ¼ of S. E. ¼ of section 21), and by paragraph 3 sets up an adverse claim to only 40 acres, as claimed by Bellinger, and nowhere seeks relief or a foreclosure as to any other land and which said question was ·not considered by or brought to the attention of the city court.

The decree of the city court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.